FILED BY _____ D.C.

05 DEC 21  AM 10: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHARLES WAGNER,                    )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )       No.  04-2696 BV
                                   )
MERIT DISTRIBUTION, AUSTIN         )
TRUCK & TRAILER REPAIR CENTER,     )
JAMES AUSTIN SR., in his           )
individual capacity, and JAMES     )
AUSTIN JR., in his individual      )
capacity,                          )
                                   )
        Defendants.                )

---

ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND TO
COMPEL DISCOVERY

---

Before the court is the November 21, 2005 motion of the plaintiff, Charles Wagner, to amend the scheduling order and to compel discovery with respect to Interrogatory Nos. 1 & 2 and Request for Production Nos. 1-5. Wagner also asks the court to award him the attorney fees and expenses incurred in bringing the motion. The defendants, Merit Distribution ("Merit"), Austin Truck & Trailer Repair Center ("Austin Truck"), James Austin Sr. and James Austin Jr., collectively oppose the motion to compel. According to the certificate of consultation, however, the defendants do not oppose the motion to amend the scheduling order. For the following reasons, the plaintiff's motion is denied in its

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-21-05

55

entirety.

Wagner filed this action on September 3, 2004, alleging employment discrimination based on race in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981. On September 27, 2005, the defendants filed motions for summary judgment that were based, in part, on their relationship to Wagner's employer, Austin Truck.[1] Wagner requested additional time to respond to the motions for summary judgment. On November 15, 2005, the court granted Wagner's motion and ordered that Wagner respond within 30 days of the date the parties complete discovery, which is currently set as November 15, 2005.

On November 21, 2005, Wagner filed the present motion to amend the scheduling order and to compel discovery. Wagner states that he propounded the discovery at issue because he did not believe the

---

[1] In its August 25, 2005 Amended Answers and Motions to Dismiss, both Merit and Austin Truck state that they are separate and distinct corporations. (Merit's Am. Answer at 3; Austin Truck's Am. Answer at 4.) Merit therefore asserts that it is not liable for the actions of Wagner's employer, Austin Truck, or the two individual defendants. (Merit's Am. Answer at 3.) James Austin Sr. asserts that he has no ownership interest, nor is he a director, officer, manager, employee or agent of Wagner's employer, Austin Truck. (James Austin Sr.'s Am. Answer at 3.) Finally, James Austin Jr. asserts that he was not Wagner's employer and thus has no individual liability for Wagner's claims. (Austin Truck's Am. Answer at 4.) The defendants also note that Wagner's admissions, paychecks, and W-2s all confirm that his employer was Austin Truck during the relevant time period. (Defs.' Resp. to Pl.'s Mot. at 11.)

deposition testimony of James Austin Sr. and James Austin Jr. and thought that the additional discovery "would show the *true* ownership" of Merit and Austin Truck. (Pl.'s Mem. In Supp. at 2 & 7.) Wagner claims this additional discovery is necessary because James Austin Sr. contradicted himself by stating that he does not own Austin Truck, but nevertheless admitting that he met with the EEOC and gave it records concerning Wagner's charge of discrimination against Austin Truck. Wagner also contends that James Austin Jr.'s deposition testimony is unbelievable because, although he runs Austin Truck and hires and fires employees, he claims that his wife owns 100% of the company and that he does not earn any income from the company. James Austin Jr. also testified that he earns $200 per week as the sole mechanic for Merit. Wagner argues that, without the discovery, he will have difficulty proving who owns Merit and Austin Truck and who should pay for violating his civil rights.

Although the parties were able to settle some of their discovery disputes, not all issues were resolved. As a result, Wagner now asks the court to compel discovery with respect to Interrogatory Nos. 1 & 2 and Requests for Production Nos. 1-5. Wagner also seeks to re-depose James Austin Sr. and James Austin Jr. after the requested information is produced.

Following some concessions by the parties, Wagner still seeks

3

the following information from his interrogatories and requests for production:

>Interrogatory No. 1: Bank accounts and numbers used by James Austin Sr., James Austin Jr. and Mrs. James Austin Jr. from 2000 to present;

>Interrogatory No. 2: Bank accounts and numbers used by Merit, Austin Truck, and "Merritt Express" from 2000 to present.

>Request for Production No. 1: All business records of Merit and Austin Truck, including Merit's articles of incorporation and bylaws, Austin Truck's operating agreements, and federal and state income tax returns;

>Request for Production No. 2: Personal bank records of James Austin Sr., James Austin Jr., and Mrs. James Austin Jr.;

>Request for Production No. 3: All financial reports of Merit, Austin Truck and "Merritt Express," including monthly sales and service records, payroll reports, accounts receivable records and records that support the defendants' answers and defenses;

>Request for Production No. 4: Any other documents that evidence ownership by James Austin Sr., James Austin Jr., and Mrs. James Austin Jr., such as stock certificates, partnership agreements, operating agreements, and any other agreements which evidence any ownership in any business interest whatsoever from 2000 to present; and

>Request for Production No. 5: All personal income statements of James Austin Sr., James Austin Jr., and Mrs. James Austin Jr. including income tax returns, K-1, 1099 and W-2 forms, and paycheck stubs from 2000 to present.

The defendants object to these requests on the grounds that they were propounded for the purpose of harassment, they seek information that is irrelevant to the pending action and that is

4

not reasonably calculated to lead to the discovery of admissible evidence, they are overly broad and unduly burdensome, and they improperly infringe on the privacy rights of the defendants and other non-parties. The defendants also argue that the discovery is not necessary to determine liability, as Wagner asserts, because § 1981 does not impose liability based on ownership of a corporate entity, but instead requires a contractual relationship or personal involvement furthering the discrimination.

In addition, the defendants argue that they have already provided or have agreed to provide Wagner with various documents that are sufficient to demonstrate ownership. Specifically, it appears that the defendants have already provided: (1) Merit's Corporate Charter and bylaws; (2) Austin Truck's Articles of Organization; and (3) the corporate organizational documents for Merit Express, Inc. and Merit Warehouse, Inc., which are not parties to the litigation. Furthermore, it appears that the defendants have offered to provide the following documents in response to Interrogatory No. 2 and Request for Production No. 1: (1) the names of the financial institutions and banks that Merit and Austin Truck used from 2000 to present and a statement that Merit and Austin Truck have separate accounts; (2) Merit's 2002, 2003, and 2004 tax returns, when available; and (3) Austin Truck's 2002 and 2003 tax returns and its 2004 Schedule K-1 Forms, when

5

available.[2]

Rule 26(b)(1) states that a party may only seek discovery of unprivileged matters that are "relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The court also may limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." FED. R. CIV. P. 26(b)(2)(i) & (iii).

Given the documents that the defendants have already provided or have agreed to provide to Wagner, the court finds that Wagner is not entitled to any further response to Interrogatory Nos. 1 & 2 and Requests for Production Nos. 1-5. Specifically, the requests concerning personal bank accounts (Interrog. No. 1), personal bank records (Req. for Produc. No. 2), and personal income statements (Req. for Produc. No. 5) are not relevant to show whether these persons were the "employer" of Wagner or possessed supervisory power over Wagner for purposes of liability under § 1981. In addition, Wagner may obtain such ownership information from the records that the defendants have already provided or have agreed to

---

[2]The defendants noted that it agreed to provide all tax returns and K-1 Forms subject to a protective order and the redaction of personal and confidential information.

provide without the production of five years' worth of personal financial information. Moreover, the requests for all Merit and Austin Truck financial reports (Req. for Produc. No. 3) and all documents that evidence ownership "in any business interest whatsoever" (Req. for Produc. No. 4) are overly broad. The burden and expense of such discovery therefore outweighs the likely benefit. Accordingly, the plaintiff's motion to amend the scheduling order and to compel discovery is denied.

The defendants are, however, ordered to produce the information that it agreed to provide by Friday, January 6, 2006. The scheduling order is therefore amended solely to establish January 6, 2006 as the date of the close of discovery for the purposes of the court's November 15, 2005 order, which allows Wagner 30 days after the close of discovery to respond to the defendants' motions for summary judgment. No other discovery is allowed during this amended period except those depositions that were postponed by mutual agreement while the motion was pending.

Wagner's request to re-depose James Austin Sr. and James Austin Jr is also denied. Wagner's request for attorney fees and expenses is also denied. Each party shall bear its own costs.

IT IS SO ORDERED this 20th day of December, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 55 in case 2:04-CV-02696 was distributed by fax, mail, or direct printing on December 21, 2005 to the parties listed.

---

Roland M. Lowell
BRUCE WEATHERS CORLEY & LYLE
315 Deaderick Street
Ste. 2075
Nashville, TN 37238--207

Jonathan E. Kaplan
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

John W. Simmons
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Charles A. Sevier
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT